IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| DOLORES FORSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-5024-CV-SW-RED |
| ) | |
| RITA HUNTER, individually and in her ) | |
| capacity as Public Administrator of Jasper ) | |
| County, Missouri, ) | |
| Defendant. ) | |

## ORDER

On April 25, 2008, the Court ordered the parties to show cause why the current matter should not be dismissed for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine (Doc. 12). The Court is now in receipt of Plaintiff's Response to the Court's Order to Show Cause (Doc. 14) and Defendant's Suggestions in Response to Order to Show Cause (Doc. 15).

The *Rooker-Feldman* doctrine bars federal district courts from exercising subject matter jurisdiction over cases brought by parties "complaining of injuries caused by state-court judgments . . . [and] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under the doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine also bars federal district courts from exercising subject matter jurisdiction over general constitutional claims that are "inextricably intertwined" with

state court judgments to the extent that the federal claims succeeds only if the state court wrongly decided the issue before it. *Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003); *see also Exxon Mobil Corp.*, 544 U.S. at 286.

Plaintiff claims the *Rooker-Feldman* doctrine does not apply to the instant case. Plaintiff advises the Court that since filing her Complaint in this matter, a motion has been filed with the Probate Court of Jasper County to set aside the state court orders appointing Defendant Rita Hunter as her mother's guardian and conservator, raising many of the same arguments that were raised in Plaintiff's Complaint. On May 7, 2008, that court did set aside all letters of guardianship and conservatorship, and the trial findings and judgment (*See* Doc. 14-5). According to Plaintiff, because the judgment has been set aside, this Court is no longer being "called upon to judge the validity" of the judgment, removing any bar to this Court's jurisdiction of this case (Doc. 14).

The Court disagrees. The fact that Plaintiff sought relief of the judgment from the Probate Court of Jasper County is the very reason why the *Rooker-Feldman* doctrine applies to bar the federal claims in this case. *See Lavender v. Wolpoff & Abramson, L.L.P.*, No. 07-0015-CV-W-JFG, 2008 WL 695399, at *3 (W.D.Mo. March 12, 2008). Even though the judgment has been set aside, this Court must still review whether the state court was wrong in issuing the orders of guardianship and conservatorship in order for this Court to decide Plaintiff's constitutional claims. The *Rooker-Feldman* doctrine bars such review. *See Exxon-Mobile*, 544 U.S. at 286.

2

Accordingly, because the Court lacks subject matter jurisdiction, this case is hereby **REMANDED** to the Circuit Court of Jasper County, Missouri pursuant to 28 U.S.C. § 1447(c). All pending motions are **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: May 22, 2008             */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT

3